UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| vs : | **CRIMINAL NO. 17-0063-LPS** |
| : | |
| **JERRY JINDONG XU** : | |

**O R D E R**

AND NOW, this      day of           2017,  it is ORDERED that the Defendant' Motion for Stay of Service of Documents related to Canadian Legal Proceeding  is

**GRANTED**

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs : | CRIMINAL NO. 17-0063-LPS |
| : | |
| JERRY JINDONG XU : | |

**EMERGENCY MOTION FOR STAY OF SERVICE OF DOCUMENTS PERTAINING TO CANADIAN LEGAL PROCEEDING**

Defendant, Jerry Jindong Xu, by counsel moves the Court for a Stay of Service of Documents Pertaining to Canadian Legal Proceeding for the following reasons:

1. Jerry Jundong Xu was indicted by a Grand Jury for the District of Delaware on an Indictment filed September 5, 2017, alleging violation of Title 18 U.S.C. 1832(a)(2) and (a)(5), as well as conspiracy and aiding and abetting the commission of these offenses.

2. Subsequent to the defendant's arrest in Canada, Canadian authorities executed a search warrant in Canada at the behest of the government, pursuant to the Mutual Legal Assistance in Criminal Matters treaty. Counsel has been advised that as part of the process, there will be a hearing before a Canadian court on January 22, 2018 regarding the propriety of sending the seized items to the government. To the best of counsel's knowledge, the defendant has a right to be heard, and a right to counsel at this hearing. The defendant does not have the means to hire counsel, and has been provided with information from the Canadian authorities as to how he may apply for appointed counsel. The defendant is engaging this process.

3. The government has advised that as part of the Canadian legal proceeding, it is necessary that the defendant be served with documents. The FBI (the investigating agency on the American legal proceedings) intends on having unilateral contact and serving Mr. Xu on

Thursday January 4, 2018 at 10:00AM. Counsel has advised the government that this contact is objected to and it was requested that the FBI stay any action pending the defendant obtaining counsel via the Canadian process.

    4. Counsel is not versed in Canadian law and unsure whether the defendant my lose or compromise valuable due process rights in Canada, that he retains as a Canadian citizen, by virtue of service of  the service of these documents. The government disagrees with the defense on this issue and intends on proceeding with having the FBI contact with Mr. Xu, at the Federal Detention Center in Philadelphia tomorrow.

    5. The defendant seeks relief in the nature of an Order commanding the government to stay service pending a hearing before this Court to determine whether the intended contact is appropriate.

    WHEREFORE, Defendant, by counsel, prays that this Honorable Court issue an Emergency Order directing the government to Stay Service and set a briefing schedule and date for a Hearing on the issue.

Respectfully submitted,

  /s/
Jeremy H. Gonzalez Ibrahim
P.O. Box 1025
Chadds Ford, PA 19317

Date: January 3, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants Motion for Revocation of Detention Order has been served via ECF and email upon:

Jamie M. McCall, AUSA
Alexander S. Mackler, AUSA
United States Attorney's Office
District of Delaware
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

                                                /s/
                                      JEREMY H.G. IBRAHIM, ESQ.

Date: January 3, 2018