IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES : | |
| : | |
| vs : | CRIMINAL No. 17-63- LPS |
| : | |
| JERRY JINDONG XU : | |

**DEFENDANT'S REPLY TO THE GOVERNEMT'S
OPPOSITION TO DEFENDANT'S EMERGENCY MOTION
TO PREVENT SERVICE OF PROCESS PURSUANT TO
CANADIAN MLAT**

Per the materials submitted by the government, the Canadian Attorney General has requested service of Canadian legal documents to the defendant. The defendant is not represented in these Canadian legal proceedings due to his recent indigency due to detention. The defendant is pursuing appointed counsel under the auspices of Legal Aid Ontario. Mr. Xu's right to counsel is undisputed. "[The assistance of counsel] is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. . . . The Sixth Amendment stands as a constant admonition that, if the constitutional safeguards it provides be lost, justice will not 'still be done.'" Gideon v. Wainwright, 372 U.S. 335, 343 (1963) *citing* Johnson v. Zerbst, 304 U. S. 458, 304 U. S. 462 (1938). The stated purpose of service is to effectuate the sending hearing scheduled on January 22, 2018, in Canada. The consequence of this hearing may be a determination as to the legitimacy of the execution of the search warrant in Canada and the due process rights of the defendant to challenge the validity of the warrant. Hence the service of the documents serves as the trigger to the time bomb that will result in Mr. Xu's loss of rights.

A facial review of the documents provided reveals at least two concerns:

First, although the Canadian Attorney General would not agree, Canadian law provides "Conditions

(3) Before filing an order, the Attorney General of Canada or an attorney general of a

> province must be satisfied that
>
>> (a) the person has been charged with an offence within the jurisdiction of the state or entity; and
>>
>> (b) <u>the offence would be an indictable offence if it were committed in Canada</u>."

*See* Mutual Legal Assistance in Criminal Matters Act, Sec 9.3(3)(b) R.S.C. (Revised Statutes of Canada), 1985, c. 30 (4th Supp.). (Emphasis added).

This would seem to run contrary to Article VII of the MLAT:

> "Article VII obligates each party to execute requests promptly and, <u>to the extent not prohibited by its law</u>, in accordance with the directions of the Requesting State. It also provides that the courts of the Requested State shall have au-thority to issue all orders necessary to execute a request." (Emphasis added)
>
> Second, the ORDER TO SEND which is attached as the government exhibit purports to

relate to the offence of money laundering:

> "AND UPON BEING SATISFIED that the evidence seized is required by the United States for the criminal investigation of Jerry Jingdong XU for <u>the offence of money laundering</u>:
>
> IT IS ORDERED that the following evidence that was seized pursuant to the search warrant on August 21, 2017 be forwarded to the United States for use by the authorities in connection with their ongoing investigation of Jerry Jindong XU:"

*See* Government Exhibit packet p. 78. (Emphasis added).

Proper representation in Canada for Mr. Xu is essential to thwart what would otherwise be drive through justice for the sake of expediency, that immediate service of the Canadian documents accords.

Respectfully submitted:

/s/
Jeremy H. Gonzalez Ibrahim, Esq.

DATE: January 4, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants Reply has been served via ECF and email upon:

Jamie M. McCall, AUSA
Alexander S. Mackler, AUSA
United States Attorney's Office
District of Delaware
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

                                                    ____/s/_____
                                                    JEREMY H.G. IBRAHIM, ESQ.

DATE: January 4, 2018