## EMPLOYEE CONFIDENTIAL AND PROPRIETARY INFORMATION AGREEMENT

THIS AGREEMENT ("Agreement") entered into this _21_ day of _MARCH_ 20_11_ between E. I. du Pont Canada Company ("DuPont") and _JERRY JINDONG XU_ ("Employee").

### RECITALS
A. DuPont, as hereinafter defined, has developed and uses commercially, valuable DuPont Confidential Information, as hereinafter defined, which is vital to the success of DuPont's business and which must be kept confidential to protect its interest.
B. Employee, through his or her employment with DuPont, may receive, initiate, contribute to or come into contact with proprietary information.

NOW THEREFORE, in consideration of and as part of the terms of employment of Employee by DuPont at a wage and salary and for such length of time as the employment shall continue and for other good and valuable consideration (the receipt and adequacy of which are hereby acknowledged by the parties), the parties agree as follows:

1. **DEFINITIONS:**
   (i) "DuPont" means E. I. du Pont Canada Company, its successors and assigns and any of its present or future subsidiaries, or organizations controlled by, controlling or under common control with it.
   (ii) "DuPont Confidential Information" means information known or used by DuPont in connection with its business and its products and indicated to be confidential either orally or in visual or electronic form or is evidently confidential because of its nature, including, but not limited to, DuPont's Intellectual Property (whether in existence as at the date of this Agreement, or subsequently invented, discovered, improved or otherwise developed either by DuPont or its Affiliates), and information relating to customers, finance, marketing, business opportunities, strategies, research and development, products, processes, manufacturing. All designs, analyses, compilations, forecasts, studies or other materials prepared by DuPont or by a third party on behalf of DuPont will, to the extent they comprise or are derived from any information described in this paragraph be deemed to be Confidential Information.
   (iii) "Inventions" means inventions, discoveries, concepts, improvements and ideas, whether patentable or not, including but not limited to processes, methods, formulations, techniques, products, systems, computer programs and equipment relating to DuPont's business, systems, manufacturing methods, processes, products, equipment, research, technology and engineering.
   (iv) "Intellectual Property" means a patent, patent application, industrial design, invention, design, trademark, trademark application, trade name, trade secret, idea, work, methodology, technology, innovation, creation, concept, moral right, development drawing, research, analysis, know-how, experiment, copyright, data, formula, method, procedure, process, product, system or technique.

2. **PRIOR RIGHTS AND EMPLOYMENT:**
   (i) Employee agrees not to disclose to DuPont or to induce DuPont to use any information which Employee is obligated to keep confidential and which Employee received from Employee's prior employment or from any other third party ("Confidential Information").
   (ii) Employee agrees not to assert against DuPont any rights under any inventions, discoveries, concepts, improvements or ideas made, conceived or acquired by the Employee prior to his or her engagement with DuPont except as disclosed in writing by attachment or an exhibit to this Agreement at the time it is executed.
   (iii) Employee agrees not to bring Confidential Information or Intellectual Property which is the subject of previously acquired rights of the Employee onto DuPont's premises. Employee further agrees not to incorporate any such Confidential Information or Intellectual Property into the product of DuPont, without DuPont's knowledge and express written consent, such consent to be provided ONLY by an authorized representative of DuPont.
   (iv) Employee agrees to grant DuPont a non-exclusive, royalty-free, world-wide license in the event any Intellectual Property conceived or created by Employee in the course of providing Services to DuPont are held to be subject to prior acquired rights of the Employee.

3. **CONFIDENTIALITY:**
   (i) Employee agrees, both during the course of employment with DuPont and upon termination, to follow all DuPont's policies and procedures regarding the protection of Confidential Information and Intellectual Property.
   (ii) Employee shall not disclose or use at any time either during or subsequent to employment with DuPont any Confidential Information except as required in Employee's duties to DuPont or with DuPont's prior written consent.
   (iii) Upon termination of employment, Employee shall promptly deliver to DuPont all DuPont property including, but not limited to, drawings, blueprints, manuals, letters, notes, notebooks, reports and all other materials in written, printed, electronic or photographic or other form and all reproductions thereof containing or relating to Confidential Information which are in the possession or control of Employee.

4. **INVENTIONS AND INTELLECTUAL PROPERTY:**
   (i) It is understood and agreed that any and all inventions of any nature which Employee may conceive or make during the course of Employee's employment that either: a) relate to DuPont's business or activities; or b) are conceived or made using DuPont Confidential Information; or c) are conceived or considered made during the hours of Employees engagement with DuPont; or d) are conceived or made with the use or assistance of DuPont facilities, materials or personnel, and any Intellectual Property rights therein ("Developed IP") shall be the sole and exclusive property of DuPont.
   (ii) Employee shall inform DuPont promptly and fully of all Developed IP by written reports, setting forth in detail the procedures employed and the results obtained.
   (iii) Employee hereby assigns and agrees to assign to DuPont all of his or her right, title and interest in and to all Developed IP, conceived or made either solely or jointly with others during his or her employment by DuPont, without royalty or any other consideration to the Employee therefore.
   (iv) Employee also agrees not to use any Developed IP other than for the benefit of DuPont during the course of this Agreement. Subject to DuPont's rights as set out in Article 4 and in the event that DuPont elects NOT to require Employee to assign all rights in Developed IP, Employee agrees not to use any Developed IP for a two (2) year period following the termination of this Agreement.
   (v) Employee shall execute any and all applications, assignments or other instruments which DuPont at its sole discretion deems necessary to apply for and obtain Intellectual Property rights on a worldwide basis for such Developed IP which may be necessary in order to assign and convey to DuPont the sole right, title and interest in and to such Developed IP. Employee's obligation to execute such documents shall continue beyond the termination of employment and shall be binding on his or her assigns, executors, administrators or other legal representatives.
   (vi) Employee waives any and all moral rights in any copyright resulting from his or her employment with DuPont.
   (vii) Employee acknowledges that in the event of breach of any of the terms of this Agreement DuPont shall have sustained irreparable harm and shall be entitled to specific performance and injunctive relief.

5. **GENERAL**
   (i) This Agreement contains the entire agreement and understanding of the parties and supersedes any other such agreement and understanding and no oral representations have been made by either party that vary or modify any of the terms herein. Any modifications must be express written format signed by both parties hereto.
   (ii) This Agreement shall be construed, performed and enforced in accordance with the laws of Ontario. The parties agree to submit to the jurisdiction of the courts of Ontario.
   (iii) The obligations of this Agreement shall survive termination of Employee's employment for a period of two (2) years.
   (iv) If any provision of this Agreement is declared invalid, such provision shall be deemed severed from this Agreement, which shall otherwise remain in full force and effect.
   (v) The Agreement is binding upon DuPont and Employee's legal representatives, successors, and lawful assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

_____
Witness
(DuPont Canada's Representative)

Signed (Employee's Full Name)
_JERRY JINDONG XU_
PRINT NAME
_MAR. 21 / 2011_
DATE

No modifications to this agreement may be made without approval by Legal. All attachments must be reviewed by Legal.

H-00000004