

FILED
APR 2 4 2018
U.S DISTRICT COURT
DISTRICT OF DELAWARE

Apr 23, 2018

Jerry Xu

FDC Philadelphia

Chief Judge Leonard P. Stark

J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

### Defendant's Response to Government's Proposal on April 20, 2018
### 17-CR-0063-LPS

Due to the government's misunderstanding of the defendant's purpose for waiving his right to be represented by counsel thereby basing its proposal in part on that misunderstanding, the defendant respectfully declines government's proposal and counters with the following:

1. The government produces voluminous discovery to the FDC Philadelphia under protection order status which allows the defendant to view the discovery under the supervision of FDC staff who have effective procedures in place for pre-trial defendants whose discover is under protective order status.

A portion of discovery that the government has already given to the defendant has been under the custody and control of the FDC staff in the past 6 months. There have been no reported problems with that procedure. Continuing the same method will save judicial resources while not resulting a time-consuming process which will undermine the defendant's request to review discovery in a timely manner.

2. As to the defendant's request to engage in discussions with government counsel in hope to agree to terms of non-trial disposition of the instant charges, the defendant proposes those communications via email, as the defendant does not wish to proceed with any meetings with the government at this time.

The defendant submits the counter proposal in light of his disagreement with being appointed stand-by counsel to the extend he would have to rely on counsel's schedule to review discovery when a more effective means of maintaining of the integrity of the protection order in ensuring the defendant is allowed a reasonable time to review the voluminous discovery.

The defendant also respectfully declines the appointment of stand-by counsel to communicate with the government counsel. While this request may be unusual, the defendant would like to limit any discussions to a possible resolution of the charges through the institution email system and/or to his wife via email.

Further, while the defendant declines the appointment of stand-by counsel for the purpose that the government suggests, he would not oppose the idea of the Court appointed stand-by counsel for the sole purpose of the upcoming hearings on pre-trial release and / or hearing for the pending motions that are currently being briefed in light of the possibility of his testifying at both said hearings.

Respectfully submitted,

*Jerry Xu*

Jerry Xu, Pro Se